UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ROCHELLE COHEN,

                    Plaintiff,

        -against-

BANK OF NEW YORK MELLON CORPORATION

                Defendant

-------------------------------------------------------------------x

11 Civ. 0456 (RA) (GWG)

ECF Case

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 10/10/13

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR REHEARING OF ORDERS AND JUDGMENT CLERK'S ENTRY OF BILL OF COSTS

ROCHELLE COHEN, Plaintiff
4-74 48th Avenue Apt 37 K
Long Island City, NY 11109
Tel. No. (718) 340-1752

## Table of Contents

Table of Authorities...............................................................................i

Preliminary Statement..........................................................................1

Statement of Facts...............................................................................2

Argument.............................................................................................3

Point I.          Defendant is Not Entitled to Taxation of Costs For Trial
                  Transcripts Because They Were Not "Necessarily Obtained"
                  And Convenience of Counsel Is Not Sufficient Grounds
                  For Taxation. ..................................................................3


Point II.         Using The "Ordinary Meaning" of Words Standard To Award
                  Taxation of Costs For Deposition Transcripts Required The Court
                  To Only Allow Taxation For Invoices Itemizing "The Original
                  Transcript of A Deposition Plus One Copy.............................5

Conclusion..........................................................................................8

## Table of Authorities

*Cases*

*Delaware Valley Marine Supply Co. v. American Tobacco Co.*
    190 F.Supp. 560 (E.D. Pa 1960)……………………………………………………4

*Farmer v. Arabian American Oil Co.*
    379 U.S. 227 (1965)………………………………………………………....4,5

*Galella v. Onassis*
    487 F.2d 986 (2d. Cir. 1973)……………………………………………………4

*John v. Board of Education of Mount Vernon Public Schools*
    891 F.Supp. 122 (1995)……………………………………………………….4

*Taniguchi v. Kan Pacific Saipan Ltd.*
    132 S.Ct. 1997 (2012)………………………………………………………....5,6,7


***Statutes and Rules***

Fed. R. Civ. P. 54…………………………………………………………………7

Southern & Eastern District Court Local Civil Rule 54.1…………………………1,3,5,7

i

## Preliminary Statement

This Memorandum of Law is respectfully submitted by Plaintiff Rochelle Cohen in support of a motion for rehearing of the Orders and Judgment Clerk's Bill of Costs entered on October 3, 2013 in the amount of $16,615.48. Defendant's case is not supported by the relevant case law nor by the evidence and rests solely on Lloyd Clareman's representations as to what is customary. Despite the clear language for taxable costs found in Local Rule 54.1, Defendant Bank of New York Mellon Corporation ("Mellon") sought taxation of costs for trial transcripts and deposition transcripts for which it was not entitled.

Trial transcripts are only subject to taxation of costs if it is "necessarily obtained" for use in Court. Convenience of counsel is not sufficient. Despite the fact that this Court provided the jury with the relevant portions of trial testimony when requested, Mellon and Lloyd Clareman are seeking taxation of costs for the expense of the daily transcripts that were obtained for their personal use.

With regard to taxation of costs for deposition transcripts, Local Rule 54.1 limits the taxation strictly to "the original transcript of a deposition, plus one copy". In the matter before this Court Defendant Mellon and Lloyd Clareman sought taxation of costs for the submission of Certified Copies of deposition transcripts. In fact, Lloyd Clareman explained the distinction between the two classes of expenses that were listed on the invoices he submitted as exhibits in support of his request for taxation of costs. To quote Lloyd Clareman from paragraph 4 of his Declaration dated October 1, 2013, "what normally happens with respect to deposition transcripts and the fees associated therewith: the party taking the deposition (in these instances, the Plaintiff) presumably paid for the original and one copy; and the Defendant paid for its own copy."

Following the strict language and ordinary meaning of the statute, it was an error for the Orders and Judgment Clerk to award taxation of costs in the amount of $16,615.48 and the only valid taxation of costs should be for the deposition transcript of Rochelle Cohen in the amount of $1,935.45.

## Statement of Facts

This action was commenced in January 2011.  Approximately a dozen depositions were taken in this matter and Defendant Mellon has sought taxation of costs for 13 of those deposition transcripts.  On November 16, 2012, defendant Mellon filed a motion for summary judgment and this Court on April 12, 2013, entered an Order denying summary judgment and allowing Plaintiff Rochelle Cohen's Equal Pay Act and Title VII discrimination claims to proceed to trial.  A jury trial was held, commencing on July 23, 2013 and resulting in a finding that Defendant Mellon was the prevailing party.

On September 20, 2013 Defendant Mellon and its attorney, Lloyd Clareman, filed a request with the Orders and Judgment Clerk for the taxation of costs in the amount of $19,730.43.  Following the submission of Objections by Plaintiff Rochelle Cohen, the Orders and Judgment Clerk held a hearing and reduced the taxation of costs to $16,615.48, reflecting a decision to disallow the taxation of costs for the deposition transcripts of John Johnson and Joni Hersch, two expert witnesses that were not allowed to testify at trial following a *Daubert* hearing conducted by this Court.  The Orders and Judgment Clerk also reduced the taxation of costs by disallowing shipping and handling charges of $29.50 for each of the remaining 11 deposition transcripts still at issue here.

The Notice of Motion for Rehearing, Affidavit of Rochelle Cohen dated October 8, 2013 in support of the motion and the attached exhibits and this Memorandum of Law are submitted in support of rehearing and reduction in the taxation of costs to $1,935.45.

**ARGUMENT**

**I.      DEFENDANT IS NOT ENTITLED TO TAXATION OF COSTS FOR TRIAL TRANSCRIPTS BECAUSE THEY WERE NOT NECESSARILY OBTAINED AND CONVENIENCE OF COUNSEL IS NOT SUFFICIENT GROUNDS FOR TAXATION**

Local Civil Rule 54.1 sets forth the standard for taxation of costs for any part of the original trial transcript that was "necessarily obtained" for use in the Court or on appeal is taxable.  In the matter before this Court, Defendant Mellon was the prevailing party and therefore has not filed an appeal requiring the transcript.  Therefore, the only standard for determining if Defendant Mellon is entitled to taxation of costs for the trial transcripts is whether those transcripts were "necessarily obtained" for use in the Court.  Convenience of counsel is not grounds for allowing the taxation of costs for the trial transcripts.

Reviewing Judge Abrams' instructions to the jury provides evidence of the fact that Defendant Mellon did not provide the daily transcripts to the jury to review trial testimony. Judge Abrams stated ". . . . The court reporter, who you see right here, in this case will record everything that is said in the courtroom, and any portion of that testimony can be read back to you during deliberations." (Trial transcripts Page 19, lines 1-6).  To ascertain if Defendant Mellon and Mr. Clareman's assertion that his copies of the trial transcripts were necessarily obtained I urge this Court to ask the simple question.  In the event that Mr. Clareman did not order daily trial transcripts, what would happen if the jurors had a question about witness testimony during the trial.  The answer seems to be contained in Judge Abrams' instructions to the jury, the court reporter would read it back.

Under the holding by Southern District Court Judge Parker in *John v. Board of Education of Mount Vernon Public Schools*, 891 F. Supp. 122 (1995), the court stated that "the fact that transcripts were used during trial does not mean that they were 'necessarily obtained'." Further interpretation has been provided by the Second Circuit Court of Appeals in *Galella v. Onassis*, 487 F.2d 986, 999 (2d Cir. 1973) that stated "to assess the losing party with the premium cost of daily transcripts, necessity – beyond the mere convenience of counsel – must be shown." Because Judge Abrams made arrangements for the jurors to have access to necessary trial testimony, Mr. Clareman's use of daily trial transcripts was not a necessity but was only for his convenience and therefore is not subject to taxation as a proper cost.

Courts have also been reluctant to reimburse the winning party for every expense that they have incurred. In *Delaware Valley Marine Supply Co. v. American Tobacco Co.* 190 F.Supp. 560 (E.D. Pa. 1960), District Judge Steel stated that even though he made use of daily copies of the transcripts and recalled that at some points of the trial they were helpful and were probably of assistance to counsel, that helpfulness was not enough to saddle the plaintiff with the cost of daily copies. To quote from page 561 of the opinion, "If at some times during the trial it may have been necessary to refer to the record with complete accuracy, copies of limited portions could have been obtained from the Reporter."

The United States Supreme Court's analysis of the appropriateness of taxation of costs in its opinion in *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1965) was also cited in *Galella*. To quote the *Farmer* opinion:

"We do not read that Rule 54 (d) as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny. Any other practice would be too great a movement in the direction of some systems of jurisprudence that are willing, if not indeed anxious, to allow litigation costs so high as to

discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be."

Neither Defendant Mellon nor its counsel Lloyd Clareman has presented any evidence that the daily trial transcripts were necessarily obtained as required by Local Civil Rule 54.1 and therefore, despite the fact that portions of trial transcripts were used by the jury, the case law would suggest that the use of portions of trial transcripts by the jury or even the judge is not enough to saddle the plaintiff with the taxation of costs for those daily transcripts obtained by Defendant Mellon and Lloyd Clareman. I respectfully submit that for the above reasons and case law, this Court should deny the taxation of costs submitted by Lloyd Clareman for the daily trial transcripts in the amount of $6,779.43.

## II.     USING THE "ORDINARY MEANING" OF WORDS STANDARD TO AWARD TAXATION OF COSTS FOR DEPOSITION TRANSCRIPTS REQUIRES THE COURT TO ONLY ALLOW TAXATION FOR INVOICES ITEMIZING "THE ORIGINAL TRANSCRIPT OF A DEPOSITION PLUS ONE COPY

Pursuant to Local Rule 54.1 (c) (2) only the **"original transcript of a deposition, plus one copy, is taxable"** if used or received in evidence at trial or if used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion. In paragraph 4 of his Declaration dated October 1, 2013, Mr. Clareman explained the difference between the language contained in invoices he submitted for deposition transcripts: "what normally happens with respect to deposition transcripts and the fees associated therewith: the party taking the deposition (in these instances, the Plaintiff) presumably **paid for the original and one copy**; and the Defendant paid for its own copy."

In *Taniguchi v. Kan Pacific Saipan Ltd*, 132 S. Ct. 1997 (2012), the court reviewed the meaning of the term "interpreter" as it applied to the Court Interpreters Act. In that case, a

dispute arose as to whether the costs associated with someone who translated documents was taxable or if the taxation of costs was limited to translation of oral communication. The Supreme Court concluded that when Congress passed the Act in 1978, many dictionaries defined 'interpreter" as one who translates spoken as opposed to written language.  However, the Court identified the Oxford English Dictionary, one of the most authoritative, recognized that "interpreter" can mean one who translates writings but it expressly designated that meaning as obsolete.  The Court stated there was nothing in the Court Interpreters Act that hinted that Congress intended to go beyond the "ordinary meaning" of the word interpreter as one who translates orally.  Moreover, Congress' use of technical terminology reflects the distinction in relevant professional literature between interpreters, who are used for oral conversations, and translators, who are used for written communications. 132 S. Ct. 1997, 1999.

Following the Supreme Court's logic from *Taniguchi v. Kan Pacific Saipan Ltd*, had the Southern and Eastern District Courts for New York sought to expand the availability of taxation of costs for all deposition transcripts it would <u>not</u> have specified "**the original transcript of a deposition, plus one copy, is taxable** . . ." but rather would have crafted more expansive language that "**any deposition transcript is taxable** if the deposition was used or received in evidence at the trial or if it was used on a motion for summary judgment or other dispositive motion." Just as Congress' use of technical terminology reflects a distinction, the invoices submitted by Lloyd Clareman as well as his own description in paragraph 4 of his declaration reflects a distinction relating to who actually takes the deposition.  There must be a reason that court reporting services itemize the deposition transcripts differently.

The Supreme Court determined that no other tool of construction compels a departure from the ordinary meaning of words.  It also stated that:

"This Court has never held that *Rule 54(d)* creates a presumption in favor of the broadest possible reading of the costs enumerated in *Section 1920*. To the contrary, the Court has made clear that the "discretion granted by Rule 54 (d) is not a power to evade" the specific categories of costs set forth by Congress, *Crawford Fitting, supra, at 442*, but "is solely the power to decline to tax, as costs, the items enumerated in *Section 1920", ibid*. This Court's conclusion is in keeping with the narrow bounds of taxable costs, which are limited by statute and modest in scope."

I respectfully submit, that based upon the *Taniguchi* case, the United States Supreme Court suggests that a court should not depart from the ordinary meaning of words and the fact that Local Rule 54.1 (c) (2) is limited to taxation of **the original transcript of a deposition, plus one copy** means that Defendant Mellon and Lloyd Clareman should only be entitled to taxation for the deposition transcript of Rochelle Cohen in the amount of $1,935.45. To do otherwise would mean that this Court is assuming the responsibilities of the legislative branch of our government and expanding the narrow bounds of taxable costs as opposed to limiting the taxation of costs to be modest in scope.

## CONCLUSION

Defendant Mellon and its counsel Lloyd Clareman have failed to satisfy the requirements for taxation of costs for either daily trial transcripts or deposition transcripts with the exception of the costs for the deposition transcript of Rochelle Cohen in the amount of $1,935.45.  The Supreme Court has cautioned that Rule 54(d) should not be read to provide for expansive taxation of costs by a court, but that taxation of costs should be limited and modest in scope. Upon review this Court should overturn the Order and Judgment Clerk's award for Defendant Mellon and Lloyd Clareman's submission for taxation of costs in the amount of  $16,615.48 and should enter judgment on the taxation of costs in the amount of $1,935.45 in favor of Defendant Mellon.

Dated:  Long Island City, New York
          October 8, 2013


Respectfully submitted,

ROCHELLE COHEN, Plaintiff

*Rochelle Cohen*
4-74 48th Avenue, Apt 37K
Long Island City, NY 11109
718-340-1752

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ROCHELLE COHEN,

                    Plainitff,

            -against-                                    11 Civ. 0456 (RA) (GWG)

BANK OF NEW YORK MELLON CORPORATION         ECF Case

                    Defendant                      **AFFIRMATION OF**
                                                   **SERVICE**
------------------------------------------------------------------x

I, Michael Tarpinian, declare under penalty of perjury that on October 9, 2013, that I served a

copy of the attached Memorandum of Law In Support of Plaintiff's Motion For Rehearing of

Orders and Judgment Clerk's Entry of Bill of Costs upon the defendant in this case, Bank of

New York Mellon Corporation, by first class mail, postage prepaid, addressed to the following

person, Lloyd S. Clareman, attorney for defendant.

Lloyd S. Clareman
121 East 61st Street, 2nd Floor
New York, NY 10065

Attorney for Defendant
Bank of New York Mellon Corporation


October 9, 2013

                                        *Michael Tarpinian*
                                        425 Lexington Avenue
                                        New York, NY 10036
                                        212-455-2818
                                        m.tarpinian@att.net