```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/24/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ROCHELLE COHEN,

                Plaintiff,

        -v-

BANK OF NEW YORK MELLON
CORPORATION,

                Defendant.

-----------------------------------------------------------X

No. 11 Civ. 0456 (RA)

MEMORANDUM OPINION
AND ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Rochelle Cohen brought this action against Defendant Bank of New York Mellon Corporation ("BNY Mellon"), asserting claims of sex and age discrimination and retaliation under federal, state, and municipal law. After an eight-day trial, the jury returned a verdict in favor of BNY Mellon. Following written submissions by both parties and a hearing, the Clerk of Court entered a bill of costs to be paid by Cohen in the amount of $16,615.48. (Dkt. 106.) Before the Court is Cohen's motion for review of the Clerk's taxation of costs, as well as a request for additional costs raised in BNY Mellon's opposition. For the reasons below, the Court denies both parties' requests and affirms the Clerk's bill of costs.

## STANDARD OF REVIEW

    Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920 delineates the categories of costs that may be recovered, see Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 441 (1987), which are described with greater specificity in Local Civil Rule 54.1(c).

1

"The clerk may tax costs on 14 days' notice," and "[o]n motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1). "Where an unsuccessful litigant appeals the Clerk of Court's award of costs, the district court reviews the award de novo." Karmel v. City of New York, No. 00 Civ. 9063 (KMK), 2008 WL 216929, at *1 (S.D.N.Y. Jan. 9, 2008) (citing, *inter alia*, Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001)).

"The burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified." John and Kathryn G. v. Bd. of Educ. of Mount Vernon Pub. Sch., 891 F. Supp. 122, 123 (S.D.N.Y. 1995). The language of Rule 54(d)(1), however, suggests that "such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." Whitfield, 241 F.3d at 270. Thus, "[a]fter the prevailing party demonstrates the amount of its costs and that they fall within an allowable category of taxable costs, that party enjoys a presumption that its costs will be awarded." Patterson v. McCarron, No. 99 Civ. 11078 (RCC), 2005 WL 735954, at *1 (S.D.N.Y. Mar. 30, 2005) (citations omitted); see also Natural Organics, Inc. v. Nutraceutical Corp., No. 01 Civ. 0384 (GBD) (RLE), 2009 WL 2424188, at *2 (S.D.N.Y. Aug. 6, 2009). "[T]he losing party [then] has the burden to show that costs should not be imposed" for equitable reasons, such as "misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." Whitfield, 241 F.3d at 270; see also Karmel, 2008 WL 216929, at *2. "The decision to award costs to a prevailing party under Fed. R. Civ. P. 54(d) rests within the sound discretion of the district court." LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995).

## DISCUSSION

Cohen argues that BNY Mellon is not permitted to recover the cost of daily trial

2

transcripts or of various deposition transcripts. BNY Mellon argues that it is entitled to these costs and requests that the Court amend the costs taxed by the Clerk to include the deposition transcript of one of Cohen's experts. Although the Court agrees with BNY Mellon with respect to Cohen's motion, it denies BNY Mellon's application to modify the Clerk's award of costs in its favor.

### A. Daily Trial Transcripts

28 U.S.C. § 1920(2) permits the Court to tax as costs any "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Similarly, Local Civil Rule 54.1(c)(1) provides that "[t]he cost of any part of the original trial transcript that was necessarily obtained for use in this Court . . . is taxable." Local Civ. R. 54.1(c)(1). Notably, "[c]onvenience of counsel is not sufficient" to justify the taxation of costs. Id.; see also Galella v. Onassis, 487 F.2d 986, 999 (2d Cir. 1973). As the prevailing party, BNY Mellon bears the burden of demonstrating that the transcripts were necessary. See Carmody v. Pronav Ship Mgmt., Inc., No. 02 Civ. 7158 (DF), 2004 WL 1837786, at *1 (S.D.N.Y. Aug. 17, 2004).

Trial transcripts are undoubtedly useful in preparing for cross-examination, evidentiary disputes, summation, and the jury charge. "A party's use of a trial transcript during the course of trial does not[, however,] mean that the transcript was 'necessarily' obtained, and, indeed, 'daily transcripts of trial testimony are not customary.'" Carmody, 2004 WL 1837786, at *2 (quoting John and Kathryn G., 891 F. Supp. at 123).

"[C]ourts have routinely found that the cost of transcripts is not taxable where the trial was neither long nor complicated and the party seeking costs had two or more attorneys capable of taking notes during the proceedings." Brown v. City of New York, No. 11 Civ. 1068 (AJN),

3

2014 WL 896737, at *4 (S.D.N.Y. Feb. 27, 2014) (internal quotation marks omitted); see also Sims v. City of New York, No. 08 Civ. 5965 (JGK), 2011 WL 4801363, at *2 (S.D.N.Y. Oct. 11, 2011) ("Here, the trial lasted for less than two weeks, and two attorneys for the defendant were present for the trial. Moreover, the defendant has not suggested the trial was overly complex.); Karmel, 2008 WL 216929, at *1, *3 (denying transcript costs for a 22-day trial because the prevailing party "had at least two attorneys present at all times during the trial" and the trial was not overly complicated); DeHoust v. Baxter Healthcare Corp., No. 93 Civ. 0774 (HB), 1999 WL 280423, at *3 (S.D.N.Y. May 4, 1999) ("The defendants were ably represented each day at trial by three attorneys, the trial lasted less than two weeks, and the trial, in the Court's view, did not contain complexities to justify daily expedited trial transcripts.").

Here, the trial lasted eight days, and although it was not unusually complicated, it was not without complexity. Furthermore, as a solo practitioner, counsel for BNY Mellon did not have other attorneys on which he could rely for note-taking or otherwise. Moreover, BNY Mellon argues that because "[Cohen] herself ordered [a] daily copy" of the transcript, it was necessary for BNY Mellon "to have the same timely access to the transcript . . . so as not to be at a disadvantage when referring the Court or the jury to the transcript, or confirming which exhibits of the hundreds listed had or had not been offered and admitted into evidence, or for purposes of preparing examinations and closing argument." (Def. Mem. 4; see also Clareman Decl. ¶ 3 and Ex. B.) The Court agrees that, in conjunction, these facts tip the scales in favor of BNY Mellon; the transcripts were "necessarily obtained for use in this Court." Local Civ. R. 54.1(c)(1). Cohen's request to reduce the Clerk's taxation of costs by the amount expended on these transcripts is therefore denied.

**B. Copies of Deposition Transcripts**

4

"Unless otherwise ordered by the Court, the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial [or] . . . . w[as] used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion." Local Civ. R. 54.1(c)(2). Cohen contends that BNY Mellon is not entitled to recover the cost of transcripts of the depositions that she took because she "paid for the original and one copy; and [BNY Mellon] paid for its own copy." (Pl. Mem. 5 (emphasis removed).)

Cohen's argument fails. If BNY Mellon is entitled to reimbursement for "the original transcript of a deposition, *plus* one copy," Local Civ. R. 54.1(c)(2) (emphasis added), it is surely entitled to recover the cost of the single copy it ordered. See, e.g., Sung Choi v. City of New York, No. 10 Civ. 6617 (JPO), 2013 WL 1387021, at *3 (S.D.N.Y. Apr. 5, 2013) (allowing the defendants to recover the cost of "obtain[ing] a copy of the deposition transcript [of a potential plaintiff witness] as part of their preparation for trial"); Hogan v. Novartis Pharm. Corp., Civil Action No. 06-260 (BMC), 2012 WL 5898473, at *4 (E.D.N.Y. Nov. 20, 2012) ("The deposition invoice indicates that the amount sought is only for one copy and not for any convenience items. The full amount of $1,414.85 will be taxed."), aff'd, No. 12-5085-cv, 2013 WL 6596880 (2d Cir. Dec. 17, 2013).

Cohen goes on to argue that "[f]ollowing a strict reading of the Court's [local] rule would not allow the taxation of costs for the deposition transcripts billed to [BNY Mellon] unless the invoice clearly states 'Original and One Copy.'" (Cohen Aff. ¶ 30.) This requirement appears nowhere in the Local Rules. Furthermore, Cohen's urging of a "strict reading" of the rules is undermined by the case she cites, Taniguchi v. Kan Pac. Saipan, Ltd., which observes that "[w]hen a term goes undefined in a statute, [courts] give the term its ordinary meaning." 132 S. Ct. 1997, 2002 (2012). Ordinarily, a party told that it could recover the cost of an original

transcript "plus" one copy would understand that it could at least recover the cost of the copy alone.

### C. Transcript of Anne Boyle's Deposition

In Cohen's final objection to the bill of costs, she contends that the deposition transcript of Anne Boyle was used neither at trial nor in BNY Mellon's motion for summary judgment and, consequently, is not taxable. She is mistaken. The transcript was attached as an exhibit to defense counsel's affidavit in support of summary judgment and was cited in BNY Mellon's memorandum of law. (Clareman Decl. ¶¶ 4-5; id. Ex. C at Ex. A; id. Ex. D at 6, 7, 16.) "[T]he filing of a deposition transcript necessarily means a court will 'use' it" in ruling on a motion for summary judgment. Whitfield, 241 F.3d at 271. The transcript of Anne Boyle's deposition is therefore taxable. See Local Civ. R. 54.1(c)(2).

### D. Transcript of Joni Hersch's Deposition

In its opposition to Cohen's motion, BNY Mellon argues that the Court should add the cost of the deposition transcript of Cohen's expert witness, Joni Hersch, to the Clerk's bill of costs. Cohen contends that BNY Mellon's request is time-barred.

Federal Rule of Civil Procedure 54(d)(1) provides that after the Clerk has taxed costs, "the court may review the clerk's action" "[o]n motion served within the next 7 days." Fed. R. Civ. P. 54(d)(1). "[I]t is widely recognized[, however,] that the time limitations in Rule 54(d)(1) are not jurisdictional, and that courts have discretion to entertain untimely motions." Burchette v. Abercrombie & Fitch Stores, Inc., No. 08 Civ. 8786 (RMB) (THK), 2010 WL 3720834, at *3 (S.D.N.Y. Sept. 22, 2010); see also Brown, 2014 WL 896737, at *2.

The Clerk's bill of costs was entered on October 3, 2013. (Dkt. 106.) Cohen timely filed her motion for review on October 10, 2013. (Dkt. 108.) BNY Mellon did not, however, file a

transcript "plus" one copy would understand that it could at least recover the cost of the copy alone.

### C. Transcript of Anne Boyle's Deposition

In Cohen's final objection to the bill of costs, she contends that the deposition transcript of Anne Boyle was used neither at trial nor in BNY Mellon's motion for summary judgment and, consequently, is not taxable. She is mistaken. The transcript was attached as an exhibit to defense counsel's affidavit in support of summary judgment and was cited in BNY Mellon's memorandum of law. (Clareman Decl. ¶¶ 4-5; id. Ex. C at Ex. A; id. Ex. D at 6, 7, 16.) "[T]he filing of a deposition transcript necessarily means a court will 'use' it" in ruling on a motion for summary judgment. Whitfield, 241 F.3d at 271. The transcript of Anne Boyle's deposition is therefore taxable. See Local Civ. R. 54.1(c)(2).

### D. Transcript of Joni Hersch's Deposition

In its opposition to Cohen's motion, BNY Mellon argues that the Court should add the cost of the deposition transcript of Cohen's expert witness, Joni Hersch, to the Clerk's bill of costs. Cohen contends that BNY Mellon's request is time-barred.

Federal Rule of Civil Procedure 54(d)(1) provides that after the Clerk has taxed costs, "the court may review the clerk's action" "[o]n motion served within the next 7 days." Fed. R. Civ. P. 54(d)(1). "[I]t is widely recognized[, however,] that the time limitations in Rule 54(d)(1) are not jurisdictional, and that courts have discretion to entertain untimely motions." Burchette v. Abercrombie & Fitch Stores, Inc., No. 08 Civ. 8786 (RMB) (THK), 2010 WL 3720834, at *3 (S.D.N.Y. Sept. 22, 2010); see also Brown, 2014 WL 896737, at *2.

The Clerk's bill of costs was entered on October 3, 2013. (Dkt. 106.) Cohen timely filed her motion for review on October 10, 2013. (Dkt. 108.) BNY Mellon did not, however, file a

motion challenging the Clerk's decision not to tax the cost of Joni Hersch's deposition transcript, choosing instead to raise this issue in its opposition, which was filed on October 21, 2013. (Dkt. 111.) It provides the Court no reason for failing to do so. The Court thus denies BNY Mellon's request as untimely.

## CONCLUSION

For the foregoing reasons, Cohen's motion for review of the Clerk's taxation of costs is denied, as is BNY Mellon's request for additional costs. The Clerk's bill of costs reflects BNY Mellon's total award.

The Clerk is respectfully instructed to terminate the motion pending at Docket Number 108.

SO ORDERED

Dated:    April 24, 2014
         New York, New York

_____
Ronnie Abrams
United States District Judge